Good morning, my name is Jason Carr. I'm here on behalf of Petitioner Appellant Christopher Culler. It's a good day to be standing here in front of this court because as a Grubel defense attorney it's unusual to have the law on my side in this case. I have not only the law on my side, but I have precedent from this court on both certified issues that are before this court. And what's more, it's easy to discern how the district court went astray in its four to five page order on the procedural issues at hand. On one, the district court did not have the advantage of Menevielong, which clearly established, and it was at least somewhat unclear of the law at the time the district court's order. But Menevielong establishes that yes, the court did in fact have discretion to issue a stay, even though this looks like client's petition was arguably unexhausted. So that's a clear legal error to me. Yeah, you could get to that issue though if it was technically exhausted already, right? That's correct. I could see the other point, which is against me, Ryan, which is binding on precedent from this court, which further establishes that I had no evidence to go back to the state district court to exhaust this claim because there was no reasonably available remedies available in the district court. I think you have a good argument on that, except that you did go back. So I'm not sure why you did go back if it was so clear it was already bad for you to have to go back. Because I'm a rule of fifths attorney. I've been in this a long time. I've learned to cover all my bases, and that's what I did in this case. And there was the longest of long shot argument. I suppose that I could have convinced them about a Supreme Court to expand their realm for cause at the time the law was clearly against me. But I did make an effort because I did have a good record here that it was actually impossible for my client to acquire these records and see post-conviction proceedings as a grossing. If they did, and he made an excellent record on that. In fact, if you look at EOR, I think it's 27. So does that 1% possibility or whatever mean it wasn't technically exhausted? No, it's just not because it wasn't technically exhausted. It's just because it's reasonably likely that you would be defaulted if you went to state court. I thought in my case it was reasonably likely. Well, that's it. I would concede that the law technically exhausted is not as clear as I would like it to be. The clearest pronouncement we have is from Justice O'Connor. She stated that it has to be reasonably likely that you would be defaulted if you went back to state court. But it's somewhat academic. It has to be. It is my case. It's an incident. It happens by the way. It's an incurrence. I'd have to get it through and go through my own training program to find the exact position I'm at. I won't go into detail in my opening brief, but it's somewhat academic. We can stick this in your rights. It clearly lays out the procedure, which is that if you are likely to be, if you are going to be defaulted in state court, then we go over maybe like the Martinez procedure. And that's another important point in this case, is that the federal and state cause in which the standards do diverge. And I will note that that was the state's primary argument. And the district court is like, they're the exact same. You should go back to state court to make this argument, because the state and federal procedural standards are less cause than prejudice standards are the exact same, but they no longer are. And as you'll notice in Nevada, they do not follow Martinez. And that is my basis for overcoming causal prejudice. Okay. So now we have an example of what is an incident in a procedure. Ultimately, in this case, pursuing indignance under the procedure, I find indignance for a hearing on cause of prejudice. Interesting. Why shouldn't we evaluate cause of prejudice ourselves? Well, because it's a mixed question of law and fact, and generally this court is not a court that engages in factual development. It looks very hard to get a hearing in a Habeas case, so how will the district court be in any different position than we are? Not so hard to get on a procedural issue. That your RCN is correct, conclusively correct, in the case of a substantive merits evaluation. But it's important to keep in mind that this is a procedural case, and we have standards of everything on the planet. This is a pure question of law of the declarative. It's kind of the same question as the merits, isn't it? I mean, if you have a hearing on cause of prejudice, or you're having a hearing on the IAC claim itself, really, I mean... Things lapse into each other, Vincent. I mean, the standard is technically from an esoteric standpoint, or it will seem like you could debate whether the standard for proving prejudice under Martinez is different. What would you need to establish? Well, okay, but look, don't we have the nature, if the claim that you're making is based upon a lot of documentation, records, Vincent, correct? And then we have the records, and what the district court would do would be to look at the records and decide whether or not, let's assume there's cause with respect to indefensiveness, and whether the records would have made any difference. But there's more. There's more that I can present, and I have the right to present to establish a cause of prejudice. What, well, for one thing, in this case, a key point, this case is not just about the fact that my client is borderline mentally retarded, and has all these cognitive difficulties that are established by expert psychiatric reports that predate communication. This case is also about the fact that the DA gave material misrepresentation of facts regarding my client's loyalty offense that these records cast serious doubt upon. But in addition, I can present additional evidence on that, because DHSB Ryan establishes that since there's no adjudication on the merits on this, but it's a technically non-exhaustive claim, I am free to expand the record, and I am not captain if I call on Pete Pendles or the Supreme Court case. And that is clear. And I would call the jury. But you're not calling the jury. So you think you are going to be able to expand the record on the cause of prejudice question, and then will you be able to use that record on the merits? I believe, yes, I can. I believe Dickens v. Ryan's case, I'm sure, that they state that it's not an adjudication on the merits of it. It's a DMA who will review the merit that, in Dickens v. Ryan, this court remanded the case for an evidentiary hearing on those points. And again, I have a lot to show that the Supreme Court, and I certainly would, if they had the opportunity, which I know I'm entitled to. And by all means, to his condition, he goes to his own condition. Because all of that was, I mean, the fact that he had all these, the learning disabilities, he had been in special education. That was all before the state court. And I respectfully disagree. The, first of all, as a defense attorney, I can tell you that when you have expert reports and some CHE and your allegations, that's powerful evidence. These reports that I acquired from Social Security are 900, there's no question about it. It goes far beyond the client's, I think, I mean, the defense attorney below is saying, I think my client has some mental health problems, maybe. But what's more- And he's been involved in special education all of his life, is what this counsel said. Right, and the district court judge, at the evidentiary hearing, because she did not have these records, she said, well, that's not how it came to the court. And the fact that the defendant would be in special education, I can't argue with that too much, but these records go far beyond that. We're talking about an introductional CHE event at Double G State in New York. And once more, it gets to a key point, which is that the DA stated, without any evidence, if there's any evidence to support this, it's never turned over to me, that my client was the ringleader of this offense. But these reports, if that's the only reason why he received the same sentence, it's exclusive evidence to that violent criminal records. My client had no adult criminal record. He received the exact same sentence based, and the only rational basis for that could be the DA's argument, which I believe is entirely wrong, that my client was the ringleader and these records established, that my client could not have been the ringleader. And once more, one point I do want to make, because I think it's an important factual point, is that the state says, both below and at the district court level and into this court, that there's no way that the defense attorney at the trial level could have known about these records, and that my client never told him, but that's a lie, but these records are meant to be looked at in extra-court records, page 103, that the district attorney would then be appointed to represent the DA's file of publication, and in there he describes the fact that there are these social security records that will establish his own disability and such, but that he never got, and he never presented them. And once again, I mean, when I received this package for social security, I knew that I had something, because those are secret records, and I can't imagine any sentencing judge that would want to sentence somebody for some offender without having looked at those records. Because I don't know. Do you want to reserve your remaining time? I would, thank you. And this is Court Heidi Stern on behalf of the Respondents' Appeal Ease. There's no reason to remand this case to the district courts, and that is largely because the underlying claim in this case cannot meet the standards of Strickland for Ineffective Assistance of Counsel. The proper result would be for this court to either deny the case on its merits, find that there was no basis for a stay, and affirm the district court on alternate grounds on that issue, or if this court does choose to say there was no basis for a stay, well, you can consider the right to stay, because it was technically exhausted, you could say that, or you could consider the Ryan's factors, which the district court did not consider because it didn't think it had the discretion to grant that stay. And the fact that the underlying may exercise the discretion for the district court on the Ryan's questions, I mean, it's an abusive discretion standard, usually on review, so  I don't think so, because of the fact that the Ryan's consideration is, is the claim, underlying claim, completely meritless, and our argument is that, yes, it is completely meritless, so there would have been basically no way that the district court could have granted that stay had it considered those factors. In addition, the weakness of the underlying claim is this court were it to consider Martinez, which I certainly think it can and should, the weakness of the claim means that Dollar did not raise a substantial claim here, and so Martinez cannot apply to excuse this procedural default. Just to go into the merits a little bit under Strickland, I will remind the court that Strickland presumes a high level of deference towards the council's decision, and it's Dollar's burden to prove that that council is not acting as the council provided by the Sixth Amendment. The reasonableness, and we've cited this in our brief, the reasonableness of council's actions is heavily reliant on defendant's own statements and actions. If counsel has no reason to think, then no reason to believe that the defendant has some psychological problems that he needs to further investigate, then council does not need to continue to- So, I was back to speak on that question here, but the counsel suggests that the lawyer did have some reason to think the case records might exist in which case. It's not just a matter of the records. If you look at the evidentiary hearing that was held below, while that was held on confidence grounds, the questions asked to counsel are relevant to this question. What counsel was asked was, was there any reason to think that he needed a psych evaluation? Was there any reason to think that this person was intellectually incapable of understanding the claims before him? And counsel's response was, no, from everything, when I spoke to him, he was fine. He understood everything. In addition, talking to his family and relatives, no one said anything. And so, if counsel had sort of a vague idea that these records existed, that doesn't mean that what was in those records actually applied to the sentencing or the crime. Yeah, yes, yes, because that was, that's what this court has to do under Strickland. You have to look at, well, what was counsel presided with at that time? And at page 691 of Strickland, Senator Glenn talks specifically about this type of situation where counsel is heavily reliant on what the defendant does and says. Is the District Court going to review the evidentiary hearing of the District Court before the hearing of the District Court? The District Court did not consider Martinez, nor did it consider Reincevitz, correct? Reincevitz, yes. For Strickland, it found Reincevitz a claim on exhaustive, which is fairly important. The District Court would do the same thing, but for Reincevitz, you're claiming that Reincevitz did not, that you didn't get Reincevitz on the record, which is not true, right? Yes, I would say that there's not much more to say here about what happened. If you look at the sentencing transcript, it's fairly clear that the District Court was looking at this case as a same-crime, same-time sort of situation. And- Did you argue the merits of you are now in the District Court? No, we simply moved to dismiss based on exhaustion, on lack of exhaustion. So you agree with the policy counsel that this record can open up more of the evidence of it than the documentation. That's just the basis of the claim, but I don't like that. No, and in fact, that would directly undermine the purpose of it. So why is this different than Dickens? He's totally right that at the end of Dickens, our court said, you can go back and you're not barred from having a concentration series. Well, the primary difference, well, there's a couple of differences with Dickens. The primary difference is the strength of the underlying claim. In Dickens, that was a death penalty case. They were coming up with evidence that directly related to mitigation on the death penalty. So you can see there's a connection there between what the type of evidence they were coming forward with and what the sentencing was going to be. So are you saying that there's nothing else, say, in Nevada that allowed this judge to take into account his mental capacity in thinking about whether he was a leader or his role in this crime? I'm not saying there's nothing. I'm just saying the causal connection between the evidence that's presented here and the evidence that was presented in Dickens of actual ineffective assistance are completely different. So you're saying this claim is weaker, but procedurally, Dickens says you can have a hearing. So if we disagree with you about the level of merit, then could you have a hearing? OK, so that's the second difference between this case and Dickens. In Dickens, the district court actually decided the procedural default issue. And in Dickens as well, the court relied on Castile v. Peoples, whereas Martinez came down after the district court had issued that decision finding procedural default under Castile. And so this court found, well, the district court needs a chance to consider Martinez, this new case that just came down after the district court made its decision. Here, the district court had the opportunity to consider Martinez. It just didn't mean to. Well, you didn't ask it to. No, he didn't mean to ask it to. Because if you were wrong, though, he's like, you didn't mean to ask it to because you thought this thing needed to be, it wasn't exhaustive, but it was. I know we don't concede that it was non-exhaustive. Let's say we hear wrong on the procedural issue, and you're asking us, I think, to rule on a merits issue that you did raise in the district court. So not only reads an issue that usually is for the district court, but even though you did raise it below, that's a pretty big ask. Well, I would say two things to that. One is that this is assuming that the court has a reason, because we believe that it's pretty clear the claim wasn't exhaustive. It's a new claim. Even the dollar argues that this is not good for them. So if you had a court that said, at both levels, this is, it's defaulted, which means it's technically exhausted, right? Why do we have- Oh, at this point, yes. But exhaustion is determined at the time of filing. Right, right. So the Nevada court said, this is a type of claim that was defaulted by this point. I mean, that's what they ruled. When they upended your rule, they exactly told us, yes, it was defaulted. So why would we question the Nevada courts about Nevada law and say it wasn't exhausted? I mean, it wasn't defaulted, but that's very obvious. I don't think it's necessary to question what the Nevada courts found, ultimately. I think this court just needs to look at, when this petition was filed, was it exhaustive? And so in order for us to say that it was not defaulted at that point, we would have to have a different reading of Nevada law than the Nevada courts later told us? No. It's just a matter of putting ourselves back and doing our best. Yeah, putting ourselves back. How would we reach a different result than the Nevada courts did? I guess I don't understand how- So the Nevada courts looked at this issue and said, it is defaulted. It had to have been brought earlier. This is a second petition. You can't do this. You have no exception. So if we look when the district court, when the federal courts get this petition, and they look at it, and we put ourselves back in time, why would we say anything different than this is a second petition with no exception that applies to Nevada law? How would we reach a different result? I think you don't need to relook at what the Nevada court did. You can apply it then. Why was this not already defaulted? It was a second petition that had no exception in Nevada law. What is the exception in Nevada law? Can you think of why? Okay, then I would say going with that hypothetical, yes, this court defined it was procedurally defaulted. That is not hypothetical. Is there any other way to look at it other than the way I just looked at it? The way that we look at it in our brief is simply that the district court can be affirmed because it dismissed it based on a lack of exhaustion when that was at all. Well, I guess I am, I'm not sure. Are you thinking that? Yeah, I don't really, I think that that's what I'm trying to say. I guess that the district court dismissed it as unexhausted. It was a new claim. It's excessive. At this point, this court should really uphold the purpose of that cut, which is to ensure the petitioners take their claims to state court, that they allow that court to hear those claims. And in contrast to what Dollar has argued, our position is that if there's a chance to present your claim to state court, then your time does not seem to schedule. Thank you. All right, I have so much to say besides that. It's simply ironic that the seat that was argued is on the merits when the state district court and the federal district court made an error. They could never prevent me from addressing this case on the merits. I've never had a chance to brief it. I've never had a chance to present the evidence. There's factual findings that I see. It's not appropriate for this court to engage, to address these things on the merits. The second thing. What is the difference between the things that were said at the competency hearing and the question that you need to prove? Can you show us now? That's a great question, because I wanted to make sure. The last thing I wanted to say is that this court looked at the evidence during the hearing that occurred at the state district courts on EOR-261 and 93. You will see that both Dollar and, in fact, even the defense counsel complained about how they were standing back by this hearing. They didn't know it was coming. The defense attorney wasn't able to get his file. He was trying to testify to what he remembered two years ago. I know what you're saying. He did say the same thing from what the counsel said. I mean, he said, I didn't have any reason. I don't think this guy is incompetent at all. So he was wrong, because if you look at his bail hearing, it clearly lays that out. He knew about these disabilities and the Social Security records. Bail hearings, he had bail motions in these on page 103 in the expert records. So he was just wrong. It was understandable that he forgot that two years later. Without being ill-informed, he was fine. But that evidence during the hearing is suspect for a variety of reasons, including the fact that Dollar stated both before and during the hearing that there's no way that he can get out of this hearing. He can't get the records he needs. He really needs to be sentenced. The counsel explained clearly, both in writing and to the court, why he couldn't develop the facts that certain discourses claims. And it's just a really good record for a lack of adequacy in the process for a professional.  Thank you. That's nice. Thank you.
judges: Schroeder, Friedland, Whaley